GENERAL RETAIL CORPORATION (DELAWARE), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55272.    Filed December 31, 1957.

*J. W. Allen, Esq.*, and *William Waller, Esq.*, for the petitioner.
*Jack D. Yarbrough, Esq.*, for the respondent.

634

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

OPINION.

OPPER, *Judge:* Petitioner claims to be entitled to the preferential tax treatment accorded "a new corporation" under section 430 (e), I. R. C. 1939, as added by the Excess Profits Tax Act [1] of 1950. The

---

[1] SEC. 430. IMPOSITION OF TAX.

  (e) NEW CORPORATIONS.—

    (1) ALTERNATIVE AMOUNT.—In the case of a taxpayer which commenced business after July 1, 1945, and whose fifth taxable year ends after June 30, 1950, the amount referred to in subsection (a) (3) shall be—

    *     *     *     *     *     *

    (B) If the taxable year is the third taxable year of the taxpayer, an amount equal to 8 per centum of the excess profits net income for the taxable year, except that if

facts are not in dispute. Petitioner acquired all of its assets from its parent, General, and while petitioner concededly commenced business after July 1, 1945, General had been operating since 1925. Petitioner says that its stock was owned by General and not by General's stockholders, and respondent insists that the rule of attribution requires that petitioner's stock be considered as being held by General's stockholders.

What the issue really comes down to is whether the formula of section 503 can and must be imported into section 430 (e). The statute says in effect that corporations can qualify under section 430 (e) as having "commenced business" only if they would likewise so qualify as described in section 445.[2] Section 445 expressly requires for its application the use of the principle of section 503.[3] We fail to

---

the excess profits net income exceeds $300,000, the amount shall be the sum of $24,000 plus the amount determined under subparagraph (E) of this paragraph.

\* \* \* \* \* \* \*

(2) FIRST FIVE TAXABLE YEARS.—For the purpose of this subsection—

(A) The taxable year in which the taxpayer commenced business and the first, second, third, and fourth succeeding taxable years shall be considered its first, second, third, fourth, and fifth taxable years, respectively.

(B) The taxpayer shall be considered to have been in existence and to have had taxable years for any period during which it or any corporation described in any clause of this subparagraph was in existence, and the taxpayer shall be considered to have commenced business on the earliest date on which it or any such corporation commenced business:

(i) Any corporation which during or prior to the taxable year was a party with the taxpayer to a transaction described in section 445 (g) (2) (A), (B), or (C), determined as if the date "July 1, 1945" were substituted for the date "December 1, 1950" in section 445 (g) (2) (C).

[2] SEC. 445. AVERAGE BASE PERIOD NET INCOME—NEW CORPORATION.

(a) NEW CORPORATION.—A taxpayer which commenced business after the first day of its base period shall, except as provided in subsection (g), be considered a new corporation for the purposes of this section, and its average base period net income determined under this section shall be the amount computed under subsection (b).

\* \* \* \* \* \* \*

(g) INELIGIBLE CORPORATIONS.—

(1) If a taxpayer, on or after December 1, 1950, and prior to the end of its third taxable year, acquires any properties in any of the transactions described in paragraph (2), it shall not, for the taxable year in which such acquisition occurs or for succeeding taxable years, be entitled to the benefits of this section except under the circumstances and subject to the limitations provided in section 462 (g).

(2) The transactions to which paragraph (1) applies are as follows:

\* \* \* \* \* \* \*

(B) The acquisition by the taxpayer of a substantial part of its assets from another corporation, or of a substantial part of the properties of another corporation, if 50 per centum or more in value of the outstanding stock or outstanding voting stock of the taxpayer is directly or indirectly owned, at the time of such acquisition, by individuals owning directly or indirectly 50 per centum or more in value of the outstanding stock, or outstanding voting stock of the transferor;

\* \* \* \* \* \* \*

(3) For the purposes of this subsection, the provisions of section 503 shall be applicable in the determination of ownership of stock.

[3] SEC. 503. STOCK OWNERSHIP.

(a) CONSTRUCTIVE OWNERSHIP.—For the purpose of determining whether a corporation is a personal holding company, insofar as such determination is based on stock ownership under section 501 (a) (2), section 502 (e), or section 502 (f)—

(1) STOCK NOT OWNED BY INDIVIDUAL.—Stock owned, directly or indirectly, by or for a corporation, partnership, estate, or trust shall be considered as being owned proportionately by its shareholders, partners, or beneficiaries.

see, therefore, how a corporation can have the benefits of not having commenced business before July 1, 1945, under section 445 without applying section 503; and if not a corporation which commenced business after 1945 under section 445, it does not qualify for the benefits of section 430 (e), where section 445 (g) applies as it does here.

In order to clarify what we think is the consequently inevitable effect of the interconnected statutory provisions, we set forth below a paraphrased version of the interplay of the three sections and their application to petitioner's situation:

In the case of * * * [petitioner if it] commenced business [as limited below] after July 1, 1945, and * * * [its] fifth taxable year ends after June 30, 1950, the amount * * * [of excess profits tax] shall be [4] [computed at a preferential rate.]

[Petitioner] * * * shall be considered to have been in existence and to have had taxable years for any period during which [General] * * * was in existence, and * * * [petitioner] shall be [then] considered to have commenced business [in 1925,[5]] * * * the earliest date on which * * * [General] commenced business: [6] [if General] * * * during or prior to the [year ended October 31, 1951] * * * was a party with * * * [petitioner] to a transaction described * * * [7] [as:]

The acquisition by * * * [petitioner] of * * * its assets from * * * [General], if * * * the outstanding stock * * * of * * * [petitioner] is * * * [considered as] owned, at the time of such acquisition, by individuals owning * * * [proportionally] 50 per centum or more in value of the outstanding stock * * * of * * * [General; [8] by reason that] stock [of petitioner] owned, * * * by * * * [General] * * * shall be considered as being owned proportionately by [General's] shareholders * * * [9]

We think it inevitably follows that respondent is correct that petitioner cannot qualify as having commenced business after July 1, 1945; that section 430 (e) is accordingly inapplicable, and that, as a consequence, the deficiency was correctly determined. With such a clear statutory command, the legislative history is not available even were it more persuasive than is the present case. *John H. Watson, Jr.*, 27 B. T. A. 463, 465.

*Decision will be entered for the respondent.*

---

[4] Sec. 430 (e) (1).
[5] As stipulated.
[6] Sec. 430 (e) (2) (B).
[7] Sec. 430 (e) (2) (B) (1).
[8] Sec. 445 (g) (2) (B).
[9] Sec. 503 (a) (1), made applicable by sec. 445 (g) (3).